UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | Case No. 09-01735-TLM |
| BRUCE D. DAVIDSON and | ) | |
| HEIDI L. DAVIDSON, | ) | |
| | ) | Chapter 13 |
| Debtors. | ) | |
| _____ | ) | |

MEMORANDUM OF DECISION
_____

**BACKGROUND AND FACTS**

On July 16, 2009, Bruce and Heidi Davidson ("Debtors") filed their Amended Chapter 13 Plan and Related Motions. *See* Doc. No. 27 (the "Plan"). On August 10, 2009, the Plan came before the Court for confirmation hearing. The Debtors and the chapter 13 trustee advised the Court that they believed the Plan could be confirmed once they agreed on language in the confirmation order to address a support issue.

In reviewing the record, the Court disagrees with their assertion that the Plan is confirmable. There is another issue. The Plan proposes, in § 5.1 and § 9, to "strip off" the allegedly fully unsecured mortgage claim of Household Finance Corporation ("HFC"). Debtors' plan at § 9 cites *Zimmer v. PSB Lending Corp. (In*

MEMORANDUM OF DECISION - 1

*re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002) and *Scott v. Countrywide Home Loans, Inc., (In re Scott)*, 376 B.R. 285, 07.3 I.B.C.R. 60 (Bankr. D. Idaho 2007), in support of such relief. *Id.  See also In re Millspaugh*, 302 B.R. 90, 04.1 I.B.C.R. 25 (Bankr. D. Idaho 2003) (addressing process of lien stripping by motion included in chapter 13 plan).  Debtors' served the Plan on HFC by certified mail addressed to:

> HFC Payment Processing
> P.O. Box 5240
> Carol Stream, IL 60197-5240

Doc. No. 29.

**DISCUSSION AND DISPOSITION**

The language used by Debtors in the text of their Plan and its related motions appears to meet the requirements of case law for "clear and conspicuous" notice of what Debtors propose to do to HFC's mortgage claim and lien. *Scott*, 376 B.R. at 291-92; *Millspaugh*, 302 B.R. at 99-101.  The problem lies in the service of the Plan.

*Millspaugh* held: "[s]imply mailing the plan and notice of confirmation under Rule 2002 will not be sufficient, unless the MML [Master Mailing List] contains an address for the affected creditor that complies with the requirements of Rule 7004(b)." 302 B.R. at 102.  And this Court in *In re Olson*, 2005 WL 4705071, 05.4 I.B.C.R. 91 (Bankr. D. Idaho Nov. 9, 2005), set aside a

MEMORANDUM OF DECISION - 2

confirmation order due to the debtors' failure to properly serve a creditor under Rule 7004 – there Rule 7004(h) – when attempting to strip off that creditor's lien through a motion in the chapter 13 plan. *Id.* at *2.

Here, Debtors did not rely on the MML but instead made a special note of the manner in which they served HFC. *See* Doc. No. 29 (quoted above). Still, Debtors' service on HFC – which sent the Plan to a "payment processing" center or facility, and did not send it to the attention of an officer, managing agent, or an agent (such as a registered agent) authorized by law to receive service – does not comply with Rule 7004(b)(3).[1] HFC is entitled to Rule 7004(b)(3) compliant service. *Millspaugh*, 302 B.R. at 101-02. *Accord In re Parker*, 2008 WL 4545208 (Bankr. D. Idaho Oct. 10, 2008) (noting Rule 7004(b)(3)'s applicability and requirements in connection with chapter 13 plan that attempted to avoid judicial liens under § 522(f)(1)(A)).

That Debtors elected to send the Plan by certified mail is of no consequence. Despite the fact that many litigants seem to feel that certified mailing is somehow talismanic, it does not cure problems in the addressing of

---

[1] Rule 7004(b)(3) provides for service by first class mail, postage prepaid:

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

MEMORANDUM OF DECISION - 3

notices that violate Rule 7004. First class mail is fully adequate for corporations, provided that it is addressed and served in compliance with the commands of Rule 7004(b)(3). Certified mailing is required only under Rule 7004(h) in connection with service on insured depository institutions.

Absent proper notice and service, the Plan cannot be confirmed.[2]

**CONCLUSION**

Due to the inadequate service on the secured creditor affected by the Plan's "lien stripping" provisions, the Court will deny confirmation of Debtors' Plan. An order will be entered accordingly.

DATED: August 11, 2009



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[2] Absent effective lien stripping, HFC's mortgage debt remains an outstanding secured claim on Debtors' residence. Such a secured claim is not provided for in the Plan under any provision of § 1325(a)(5) and, absent stripping, the provisions of § 1322(b)(2) apply. This all creates issues under § 1325(a)(1), (3) and (5).

MEMORANDUM OF DECISION - 4